# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### CASE NO.:

RUBEN LUGO,

      Plaintiff,

v.

SEPHORA USA, INC., a
Foreign Profit Corporation,

      Defendant.

_____/

## COMPLAINT

      COMES NOW, RUBEN LUGO ("Plaintiff"), by and through the undersigned attorney, hereby sues Defendant SEPHORA USA, INC., a Foreign Profit Corporation ("Defendant" or the "Company"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), 42 U.S.C. §§ 12101 *et seq.*, and the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

**PARTIES**

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise *sui juris*.

6. At all times material hereto, Plaintiff was a Black,  homosexual male of Dominican and Puerto Rican decent and is a member of a class protected under Title VII and the FCRA, because the terms, conditions, and privileges of his employment were altered because of his race, national origin, sex, and/or sexual orientation.

7. Further, Plaintiff was retaliated against for his complaints of discriminatory conduct on behalf of Defendant which places him within a class protected under Title VII and the FCRA.

8. Defendant is a Foreign Profit Corporation organized and authorized to do business in Florida. Defendant is a retail chain consisting of stores nationwide. Specifically, Plaintiff worked at Defendant's Brickell City Centre location, located at 701 - B S Miami Ave Suite #231, Miami, FL 33131. All facts which give rise to this Complaint occurred in Miami, Florida.

9. Defendant has, at all times material, employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted his administrative remedies by filing a timely Charge of Discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about January 4, 2022. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was issued a Notice of Right to Sue on August 10, 2022 ("Notice"). This suit is filed on accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO ALL COUNTS

15. Plaintiff began working for Defendant on or about October 26, 2017, as a Seasonal Cashier, an entry position. Plaintiff received multiple promotions culminating in the position of Beauty Advisor, a position he held until his termination on November 22, 2021.

16. From the inception of Plaintiff's employment with Defendant until late 2019, Plaintiff reported to and was under the supervision of the Store Manager, Luis Posada ("Mr. Posada") (Colombian/male).

17. Based on Plaintiff's tenure with the Company, positive performance throughout his employment promotions, and positive work history under Mr. Posada's supervision and management, Plaintiff was fully qualified for his position as a Beauty Advisor at the time all discriminatory events complained herein occurred.

18. In August 2019, Yesenia Cabellos ("Ms. Cabellos") (Cuban, White, female) was transferred to the Brickell City Centre store as the new Assistant Store Manager.

19. On or about January 2020, shortly after Ms. Cabellos's arrival to the store, Mr. Posada resigned, and Samira Mohamed ("Ms. Mohamed") (Cuban, White, female) was transferred to the Brickell City Centre store as the new Store Manager.

20. From the outset of Ms. Cabellos and Ms. Mohamed's takeover of management (collectively, the "Managers"), treated Plaintiff differently from his White, Cuban, and Spanish-speaking heterosexual counterparts in virtually all respects of the work environment. Plaintiff was given less hours, denied a full-time position, and was not considered for leadership positions.

21. Ms. Cabellos and Ms. Mohamed further participated in, and fully allowed "jokes" and other inappropriate comments about Plaintiff's race and sexual orientation within the workplace environment.

22. Starting on July 15, 2021, Plaintiff complained to Ms. Cabellos about the disparate and discriminatory treatment he was being subjected to. Plaintiff complained that Denisse Martinez ("Ms. Martinez") (Cuban, Female) was promoted over Plaintiff to a leadership position. Ms. Cabellos dismissed Plaintiff's complaints and responded that the decision was based on seniority. However, Plaintiff had been employed by Defendant for a consistent period of time that was longer than Ms. Martinez's tenure.

23. Plaintiff subsequently complained to Human Resources ("HR"), specifically Cindy Pape ("Ms. Pape"), about the disparate, unfair treatment Plaintiff was being subjected to. Plaintiff complained about Ms. Cabellos' and Ms. Mohamed's inappropriate comments and that they consistently treated him in a disparaging manner, micromanaged him, issued baseless disciplinary warnings, gave him less hours than less experienced employees, and did not consider him for promotions to leadership position.

24. Subsequent to the discussion with Ms. Cabellos, Ms. Pape and Plaintiff, on or about July 15, 2021, a Zoom meeting was held with the Managers, Plaintiff, Connie Azcuy ("Ms. Azcuy") (District Manager), and Cindy Pape ("Ms. Pape") (HR Business Partner). During this meeting, Plaintiff's complaints were ignored. Plaintiff was reprimanded and counseled to work on his communication.

25. Ms. Cabellos and Ms. Mohamed then retaliated against Plaintiff for his complaints to HR by assigning Plaintiff to later shifts that were intentionally outside of Plaintiff's availability, limiting the number of hours he was scheduled, writing Plaintiff up for things which were not violations of policy; and which other, female Cuban employees were not written up when doing the same thing and overlooking Plaintiff for promotions.

26. Plaintiff continued complaining about the disparate treatment and retaliation to Ms. Pape, Ms. Mohamed and Ms. Cabellos between August 2021 and September 2021, all to no avail.

27. Finally on November 3, 2021, Plaintiff was terminated without valid cause.  The reason provided by Defendant was false.

28. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

29. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

30. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, color, sex, sexual orientation, and/or complaints of discrimination were motivating factor(s) in the decision for adverse employment action(s).

31. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (DISCRIMINATION BASED ON RACE)

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

34. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§ 706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff based on his race.

35. Plaintiff is a member of a protected class, to wit, Black race.

36. Defendant, by and through its managers and other representatives, did not treat Plaintiff the same as other non-Black employees as alleged above.

37. Defendant did not treat Plaintiff the same as other non-Black employees in that non-Black employees were offered full-time position benefits as new hires, were considered for promotion to lead positions, and were given more hours than Plaintiff, although he had worked for the company for years and was qualified to do the work.

38. Despite being well-qualified for his position, Plaintiff was terminated on November 3, 2021.

39. Plaintiff's termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

40. At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

41. Plaintiff was qualified for the position apart from his apparent race.

42. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

43. Defendant's failure to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

44. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other non-black employees.

45. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

46. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g).

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights

Act of 1964. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

49. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff respectfully requests that:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B.  The Court award punitive damages as permitted under the law;

C.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
### VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

51. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§ 706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff based on his national origin.

52. Plaintiff is a member of a protected class under Title VII.

53. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin, American and Dominican and Puerto Rican decent, and subjected Plaintiff to animosity and discrimination based on the fact he was not Cuban.

54. Such discrimination was based on Plaintiff's national origin in that Plaintiff would not have been the subject of discrimination but for the fact that Plaintiff was not Cuban.

55. Defendant favored other Hispanic employees, in that Cuban and other Spanish-speaking employees were offered full-time position benefits as new hires, were given the opportunity to be promoted to lead positions, and were not subjected to baseless disciplinary actions.

56. Despite being well-qualified for his position, Plaintiff was terminated on November 3, 2021.

57. Plaintiff's termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

58. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

59. At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

60. At all times material hereto, the employees exhibited discriminatory conducts towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

61. As a result of Defendant's action, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

62. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

63. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other similarly situated Cuban employees.

64. Defendant's adverse actions against Plaintiff were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was not Cuban, in violation of the Act.

65. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

66. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

67. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g).

68. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT III**</u>
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1964**
**(DISCRIMINATION BASED ON SEX, INCLUDING SEXUAL ORIENTATION)**

69. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

70. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§ 706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff on the basis of his sex and sexual orientation.

71. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his sex and sexual orientation.

72. While Plaintiff was under the Manager's supervision, Plaintiff was one of the only males working for Defendant at the Brickell City Centre location. Further, Plaintiff was the only homosexual male working for Defendant at the Brickell City Centre location.

73. Defendant, by and through its managers and other representatives, did not treat Plaintiff the same as other female, heterosexual employees as alleged above.

74. Defendant did not treat Plaintiff the same as other female, heterosexual employees in that female, heterosexual employees were offered full-time position benefits as new hires, were considered for promotion to lead positions, and were given more hours than Plaintiff, although he had worked for the company for years and was qualified to do the work.

75. Despite being well-qualified for his position, Plaintiff was terminated on November 3, 2021.

76. Plaintiff's termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

77. At the time of this treatment from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

78. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

79. Defendant's failure to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

80. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his sex and sexual orientation in violation of Act with respect to its decision to treat Plaintiff different from other female, heterosexual employees.

81. Defendant's adverse actions against Plaintiff were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was a homosexual male, in violation of the Act.

82. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex and/or sexual orientation were a motivating factor in the decision for the adverse employment action(s).

83. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

84. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g).

85. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees.

Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## <u>COUNT IV</u>
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

86. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

87. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff on the basis of his race.

88. Plaintiff is a member of a protected class, to wit, Black race.

89. Defendant, by and through its managers and other representatives, did not treat Plaintiff the same as other non-Black employees as alleged above.

90. Defendant's managers acted with intentional disregard for Plaintiff's rights as a person of Black race under the FCRA.

91. Defendant did not treat Plaintiff the same as other non-Black employees in that non-Black employees were offered full-time position benefits as new hires, were considered for promotion to lead positions, and were given more hours than Plaintiff, although he had worked for the company for years and was qualified to do the work.

92. Despite being well-qualified for his position, Plaintiff was terminated on November 3, 2021.

93. Plaintiff's termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

94. Defendant is a sophisticated employer who has actual knowledge of the requirements of the FRCA.

95. Defendant's failure to adhere to the mandates of the Act was willful and its violations of the provisions of the FRCA were willful.

96. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of the FRCA with respect to its decision to treat Plaintiff different from other non-black employees.

97. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

98. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

99. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11

100.   Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FRCA. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT V**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON NATIONAL ORIGIN)**

101.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set

out in full herein.

102.    Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11

for damages caused by Defendant's unlawful employment practices committed against

Plaintiff on the basis of his national origin.

103.    Plaintiff is a member of a protected class under the FRCA.

104.    By the conduct described above, Defendant has engaged in discrimination against Plaintiff

because of Plaintiff's national origin, American of Dominican and Puerto Rican decent, and

subjected Plaintiff to animosity and discrimination based on his national origin.

105.    Such discrimination was based on Plaintiff's national origin in that Plaintiff would not have

been the subject of discrimination but for the fact that Plaintiff was not Cuban.

106.    Defendant favored other Hispanic employees, in that Cuban and other Spanish-speaking

employees were offered full-time position benefits as new hires, while Plaintiff was not, and

Plaintiff was never given the opportunity to be promoted to a lead position, although he had

worked for the company for years and was qualified to do the work.

107.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

protected rights. Defendant and its supervisory personnel were aware that discrimination on

the basis of national origin was unlawful but acted in reckless disregard of the law.

108.    At all times material hereto, the employees exhibited discriminatory conducts towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with Defendant.

109.     As a result of Defendant's action, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

110.     Defendant is a sophisticated employer who has actual knowledge of the requirements of the FRCA.

111.     The conduct of Defendant, by and through the conduct of its managers, agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal and state law.

112.     Defendant's failure to adhere to the mandates of the FRCA was willful and its violations of the provisions of the FRCA were willful.

113.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other non-Dominican and/or Puerto Rican employees.

114.     Defendant's adverse actions against Plaintiff were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was of Dominican and Puerto Rican descent, in violation of the FRCA.

115.     If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

116.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

117.    Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, §§ 760.01-760.11.

118.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FRCA. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B.  The Court award punitive damages as permitted under the law;

C.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX, INCLUDING SEXUAL ORIENTATION)

119.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set

out in full herein.

120.    Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11

for damages caused by Defendant's unlawful employment practices committed against Plaintiff

on the basis of his sex and sexual orientation.

121.    Plaintiff is a member of a protected class because the terms and conditions of his

employment were altered due to his sex and sexual orientation.

122.    While Plaintiff was under the supervision of Ms. Cabellos and Ms. Mohamed, Plaintiff was

one of the only males working for Defendant at the Brickell City Centre location. Further,

Plaintiff was the only homosexual male working for Defendant at the Brickell City Centre

location.

123.    Defendant, by and through its managers and other representatives, did not treat Plaintiff

the same as other female, heterosexual employees as alleged above.

124.    Defendant did not treat Plaintiff the same as other female, heterosexual employees in that

female, heterosexual employees were offered full-time position benefits as new hires, were

considered for promotion to lead positions, were not subject to baseless discipline, and were

given more hours than Plaintiff although he had worked for the company for years and was

qualified to do the work.

125.    Despite being well-qualified for his position, Plaintiff was terminated on November 3,

2021.

126.   Plaintiff's termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

127.    Defendant acted with intentional disregard for Plaintiff's rights under the FRCA as a person based on the color of his gender and sexual orientation.

128.   At the time of this treatment from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

129.   Plaintiff was qualified for the position apart from his sex and sexual orientation.

130.   Defendant is a sophisticated employer who has actual knowledge of the requirements of the FRCA.

131.   Defendant's failure to adhere to the mandates of the FRCA was willful and its violations of the provisions of the FRCA were willful.

132.   Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his sex and sexual orientation in violation of the FRCA with respect to its decision to treat Plaintiff different from other female, heterosexual employees.

133.   Defendant's adverse actions against Plaintiff were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was a homosexual male, in violation of the FRCA.

134.   If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex and/or sexual orientation were a motivating factor in the decision for the adverse employment action(s).

135.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

136.    Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

137.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FRCA. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B.  The Court award punitive damages as permitted under the law;

C.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

138.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

139.    Since the Managers were transferred to the Brickell City Centre location, Plaintiff made several complaints of disparate treatment to Ms. Cabellos, Ms. Mohamed, and Ms. Pope.

140.    Plaintiff complained to Defendant's Human Resources department, as set forth above, about, the preference Ms. Cabellos and Ms. Mohamed had towards Cuban White female employees in the department, and unfounded disciplinary actions.

141.    Plaintiff's complaints of disparate treatment as stated above, were protected activity under the Act.

142.    As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

143.    The conduct of Defendant, by and through the conduct of its managers, agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

144.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the Title VII. Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

145. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the disparate treatment in opportunities, hours, benefits, and promotions, and Plaintiff's termination, (if any) are pretextual.

146. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

147.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 as if set out in full herein.

148.   Since the Managers were transferred to the Brickell City Centre location, Plaintiff made several complaints of disparate treatment to Ms. Cabellos, Ms. Mohamed, and Ms. Pope.

149.   Plaintiff complained to Defendant's Human Resources department, as set forth above, about, the preference Ms. Cabellos and Ms. Mohamed had towards Cuban White female employees in the department, and unfounded disciplinary actions.

150.   As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

151.   The conduct of Defendant, by and through the conduct of its managers, agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

152.   Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FRCA. Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

153.    Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the disparate treatment in opportunities, hours, benefits, and promotions, and Plaintiff's termination, (if any) are pretextual.

154.    If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B.  The Court award punitive damages as permitted under the law;

C.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, RUBEN LUGO, hereby demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.

Dated: November 8, 2022                    Respectfully submitted,


**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200


*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

*/s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

*/s/ Jocelyn R. Rocha*
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com